UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, a Maryland corporation<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR PHARMACY LLC, a Florida limited liability company, FLORIDA FIRST FINANCIAL GROUP, INC., a Florida corporation, individually and as the purported representative of a class of similarly situated persons, IKE C. OKEKE, YVONNE OKEKE, HILDA ANADIUME, and OLD DOMINION INSURANCE COMPANY, a Florida corporation,<br><br>    Defendants.<br>_____/ | CASE NO._____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Maryland Casualty Company ("Maryland Casualty"), by and through its undersigned counsel, hereby sues defendants, Superior Pharmacy LLC, Florida First Financial Group, Inc., individually and as the purported representative of a class of similarly situated persons ("Florida First"), Ike C. Okeke, Yvonne Okeke, Hilda Anadiume, and Old Dominion Insurance Company ("Old Dominion"), and alleges as follows:

### Nature of the Action

1.  Maryland Casualty brings this complaint for declaratory judgment pursuant to 28 U.S.C. § 2201, *et. seq.*, and Rule 57 of the Federal Rules of Civil Procedure, seeking a

declaration that Maryland Casualty has no obligation under certain general liability policies to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume in connection with the claims asserted in a class action lawsuit titled *Florida First Financial Group, Inc. v. Superior Pharmacy LLC, et al.* that is pending in Hillsborough County Circuit Court (Case No. 11-000731) (the "Underlying Lawsuit").

2. Jurisdiction in this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a).

### The Parties

3. Maryland Casualty is a Maryland corporation engaged in the insurance business with its principal place of business located in Illinois.

4. Upon information and belief, Florida First is a Florida corporation with its principal place of business located in Hillsborough, Florida.

5. Upon information and belief, Superior Pharmacy LLC is a Florida limited liability company with its principal place of business located in Tampa, Florida.

6. Upon information and belief, Ike C. Okeke is a Florida citizen domiciled in Florida.

7. Upon information and belief, Yvonne Okeke is a Florida citizen domiciled in Florida.

8. Upon information and belief, Hilda Anadiume is a Florida citizen domiciled in Florida.

9. Upon information and belief, Old Dominion is a Florida corporation with its principal place of business located in Jacksonville, Florida.

### The Maryland Casualty Policies

10. Maryland Casualty issued five consecutive insurance policies to "Superior Pharmacy dba Tampa Bay Professional Pharmacy" that are relevant to this action, each identified as policy number PAS 00965089 and effective, respectively, from June 15, 2006 to June 15, 2007 (the "2006-2007 Maryland Casualty Policy"), June 15, 2007 to June 15, 2008 (the "2007-2008 Maryland Casualty Policy"), June 15, 2008 to June 15, 2009 (the "2008-2009 Maryland Casualty Policy"), June 15, 2009 to June 15, 2010 (the "2009-2010 Maryland Casualty Policy"), and June 15, 2010 to June 15, 2011 (the "2010-2011 Maryland Casualty Policy"). These policies are collectively referred to herein as the "Maryland Casualty Policies." True and correct copies of the Maryland Casualty Policies are attached hereto as **Composite Exhibit "A."**

11. Each of the Maryland Casualty Policies includes general liability coverage with a $2 million dollar per occurrence limit, a $2 million personal injury and advertising injury limit, and a $4 million general aggregate limit.

12. The Commercial General Liability Coverage Form (9S2001 Ed. 4-99) included in each of the Maryland Casualty Policies (the "Coverage Form") sets forth the coverage available under the Maryland Casualty Policies for bodily injury and property damage liability (Coverage A) and for personal and advertising injury (Coverage B).

13. Regarding the coverage available under the Maryland Casualty Policies for bodily injury and property damage liability (Coverage A), Section I of the Coverage Form provides that the insurance "applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or

'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; and (2) The 'bodily injury' or 'property damage' occurs during the policy period."

14. Regarding the coverage available under the Maryland Casualty Policies for personal and advertising injury (Coverage B), Section I of the Coverage Form provides that the insurance only applies to "'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

15. The Coverage Form in each of the Maryland Casualty Policies, as modified by an "Electronic Data Liability Amendment Endorsement" (9S2102 Ed. 6-01), defines "personal and advertising injury" to include "injury, including consequential 'bodily injury', arising out of . . . [p]ublication, in any manner, of material that violates a person's right of privacy." Additionally, "property damage" is defined in pertinent part as: "Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or [l]oss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it. . . ." An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

### The Underlying Lawsuit

16. On or about January 18, 2011, Florida First filed a class action complaint in the Underlying Lawsuit on behalf of itself and a class of 50 or more persons against Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, and Hilda Anadiume (collectively referred to herein as the "Underlying Defendants"), alleging that "[o]n or about January 3, 2007, January

10, 2007, January 17, 2007 and January 24, 2007, [Underlying] Defendants transmitted by telephone facsimile machine the same facsimile four (4) times to Plaintiff."

17. Florida First asserts, *inter alia*, that it "had not invited or given permission to [Underlying] Defendants to send faxes," that "[t]here is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes," and that the "[Underlying] Defendants' unsolicited faxes used the paper, toner and fax machine of Plaintiff and Class members, and which they had not authorized [Underlying] Defendants to use, thereby causing damages to Plaintiff and Class members."

18. Specifically, Florida First alleges causes of action against the Underlying Defendants for violations of the Telephone Consumer Protection Act, 47. U.S.C. § 227 (the "TCPA") (Count I) and conversion (Count II). Florida First contends that the Underlying Defendants violated the TCPA by sending advertising faxes to Florida First and other class members without obtaining their prior invitation or permission and by not displaying the proper opt out notice. With respect to its conversion claim, Florida First alleges that "[b]y sending Plaintiff and the other Class members unsolicited faxes, [Underlying] Defendants permanently converted their fax machines, toner and paper to their own use," "converted Plaintiff's employees' time to [Underlying] Defendants' own use," and "permanently misappropriated the Plaintiff's and other Class members' fax machines, toner, paper, and employee time to [Underlying] Defendants' own use."

## Necessity for a Judicial Declaration

19. There exists an actual and justiciable controversy among the parties concerning their respective rights and duties and obligations under and pursuant to the Maryland Casualty Policies. Maryland Casualty has agreed to defend Superior Pharmacy LLC in the Underlying Lawsuit under the 2006-2007 Maryland Casualty Policy, pursuant to a reservation of rights, during the pendency of the above-captioned action. However, Maryland Casualty contends that it has no obligation to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume in connection with the claims asserted in the Underlying Lawsuit based on the terms of the Maryland Casualty Policies and applicable law. On information and belief, Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, Hilda Anadiume, and Old Dominion contend that Maryland Casualty owes defense and indemnity obligations under the Maryland Casualty Policies in connection with the claims asserted in the Underlying Lawsuit.

20. Maryland Casualty therefore desires a judicial determination of its rights and duties in accordance with the Maryland Casualty Policies. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to defense and indemnity under the Maryland Casualty Policies regarding the claims in the Underlying Lawsuit.

21. This Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to the issues raised in Maryland Casualty's instant complaint, and whether defense and indemnification obligations are owed under the Maryland Casualty Policies to Superior Pharmacy LLC, Ike C.

Okeke, Yvonne Okeke, and Hilda Anadiume with respect to the claims alleged in the Underlying Lawsuit.

## COUNT I
### (Superior Pharmacy LLC Does Not Qualify As an Insured Under the Maryland Casualty Policies)

22. Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

23. Although Superior Pharmacy LLC is a defendant in the Underlying Lawsuit, the sole named insured under each of the Maryland Policies is "Superior Pharmacy dba Tampa Bay Professional Pharmacy."

24. To the extent that Superior Pharmacy LLC is a separate and distinct entity from "Superior Pharmacy dba Tampa Bay Professional Pharmacy" and does not otherwise qualify as an insured under the Policies, Maryland Casualty would have no duty to provide Superior Pharmacy LLC a defense or indemnity in connection with the Underlying Lawsuit.

25. Maryland Casualty therefore seeks a declaration that, to the extent that Superior Pharmacy LLC does not qualify as an insured under the Maryland Casualty Policies with respect to the claims alleged in the Underlying Lawsuit by Florida First, Maryland Casualty has no duty to defend or indemnify Superior Pharmacy LLC in connection with the claims in the Underlying Lawsuit.

## COUNT II
### (Ike C. Okeke, Yvonne Okeke, and Hilda Anadiume Do Not Qualify As Insureds Under the Maryland Casualty Policies)

26. Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

27. The Coverage Form for each of the Maryland Casualty Policies contains a section entitled "Who Is an Insured," which provides in pertinent part that if the named insured is designated in the policy declarations as a limited liability company, the named insured's members are also insureds, but only with respect to the conduct of the named insured's business. The named insured's managers are also insureds, but only with respect to their duties as the named insured's managers.

28. The "Who Is an Insured" section also provides that if the named insured is designated in the policy declarations as a corporation, the named insured's "executive officers" and directors are insureds, but only with respect to their duties as such.

29. To the extent that Ike C. Okeke, Yvonne Okeke, and Hilda Anadiume were not members, "executive officers," or directors of the named insured under the Maryland Casualty Policies at the time of the acts that are the subject of the Underlying Lawsuit, or do not otherwise qualify as insureds thereunder, they would not be entitled to coverage under the Maryland Casualty Policies.

30. Maryland Casualty therefore seeks a declaration that, to the extent that Ike C. Okeke, Yvonne Okeke, and Hilda Anadiume do not qualify as insureds under the Maryland Casualty Policies with respect to the claims alleged in the Underlying Lawsuit by Florida First, Maryland Casualty has no duty to defend or indemnify Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume in connection with the Underlying Lawsuit.

## COUNT III
### (The Underlying Lawsuit Does Not Allege Bodily Injury or Property Damage Caused by an Occurrence That Took Place During the Policy Periods of the Maryland Casualty Policies Under Coverage A)

31. Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

32. The Underlying Lawsuit seeks relief for alleged violations of the TCPA and for conversion, and does not contain any allegations of damage because of "bodily injury" or "property damage" "caused by an 'occurrence'" under Coverage A of the Maryland Casualty Policies.

33. Maryland Casualty therefore seeks a declaration that it has no duty to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume in connection with the claims in the Underlying Lawsuit under Coverage A of the Maryland Casualty Policies.

## COUNT IV
### (Coverage for the Underlying Lawsuit is Precluded Based on the Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information Exclusion)

34. Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

35. The 2007-2008 Maryland Casualty Policy, 2008-2009 Maryland Casualty Policy, 2009-2010 Maryland Casualty Policy, and 2010-2011 Maryland Casualty Policy each include an "Exclusion - Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" endorsement (CG 00 67 03 05), which precludes coverage for "bodily injury" or "property damage" or for "personal and advertising injury" "arising directly or

indirectly out of any action or omission that violates or is alleged to violate: a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law. . . ."

36. The Underlying Lawsuit alleges causes of action against the Underlying Defendants for violation of the TPCA (Count I) and for conversion (Count II) arising out of these alleged TCPA violations.

37. The causes of action asserted in the Underlying Lawsuit are therefore excluded from coverage under the "Exclusion – Violation of Statutes That Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information" endorsement.

38. Accordingly, Maryland Casualty seeks a declaration that it has no duty to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume under the 2007-2008 Maryland Casualty Policy, 2008-2009 Maryland Casualty Policy, 2009-2010 Maryland Casualty Policy, or 2010-2011 Maryland Casualty Policy in connection with the claims in the Underlying Lawsuit.

## COUNT V
### ("Prior Publication Exclusion")

39. Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

40. The Coverage Form in each of the Maryland Casualty Policies, as modified, contains an exclusion applicable to Coverage B, pursuant to which the insurance does not apply to "'[p]ersonal and advertising injury . . . (3) Arising out of publication of material whose first publication took place before the beginning of the policy period."

41. Accordingly, to the extent that the alleged damages arose out of the publication of material before the effective dates of any of the Maryland Casualty Policies, coverage for those

damages would be precluded under Coverage B with respect to Florida First's claims in the Underlying Lawsuit.

42. Maryland Casualty therefore seeks a declaration that it has no duty to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume in connection with the claims in the Underlying Lawsuit.

## COUNT VI
## ("Late Notice")

43. Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

44. The Coverage Form in each of the Maryland Casualty Policies contains "Section IV Commercial General Liability Conditions," which requires, *inter alia*, that the named insured must notify Maryland Casualty as soon as practicable of an "occurrence" or an offense which may result in a claim, as well as comply with certain reporting requirements.

45. Although Superior Pharmacy LLC was served with the Underlying Lawsuit on or around January 24, 2011, Maryland Casualty was not notified of the Underlying Lawsuit until November 15, 2013.

46. The failure of Superior Pharmacy LLC to notify Maryland Casualty as soon as practicable of the claims asserted in the Underlying Lawsuit resulted in prejudice to Maryland Casualty and constitutes a breach of the Maryland Casualty Policies' "Section IV – Commercial General Liability Conditions," thereby precluding coverage under the Maryland Casualty Policies.

47.     Maryland Casualty therefore seeks a declaration that it has no duty to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume in connection with the claims in the Underlying Lawsuit.

## COUNT VII
## ("Two or More Coverage Forms or Policies Issued By" Endorsement)

48.     Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

49.     The Maryland Casualty Policies each include a "Two or More Coverage Forms or Policies Issued By" endorsement (9S2324 Ed. 09-02), which provides in pertinent part that the limits of insurance under the Maryland Casualty Policies that apply to the "same 'occurrence', offense or claim . . . shall not exceed the highest applicable Limits of Insurance under any one Coverage Form or policy."

50.     Maryland Casualty therefore seeks a declaration that, to the extent that coverage is available to Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume under the Maryland Casualty Policies, such coverage shall not exceed the highest applicable limits of insurance under any one of the Maryland Casualty Policies.

## COUNT VIII
## (Any Obligation to Indemnify Should Be Allocated Among the Old Dominion Policies)

51.     Maryland Casualty hereby incorporates by reference paragraphs 1 through 21 above as if set forth fully herein.

52.     Upon information and belief, Old Dominion issued to Superior Pharmacy LLC two consecutive insurance policies, each numbered BPG88258 (the "Old Dominion Policies"). The Old Dominion Policies are effective, respectively, from October 1, 2006 to October 1, 2007

and from October 1, 2007 to October 1, 2008, and include for each policy year a personal and advertising injury limit of $1 million and a general aggregate limit of $2 million.

53. The Old Dominion Policies overlap with the 2006-2007 Maryland Casualty Policy, 2007-2008 Maryland Casualty Policy, and 2008-2009 Maryland Casualty Policy.

54. Maryland Casualty therefore seeks a declaration that, to the extent this Court holds that there is coverage under the Maryland Casualty Policies and Old Dominion Policies to Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume with respect to the claims in the Underlying Lawsuit, any indemnification obligation should be allocated between Maryland Casualty and Old Dominion.

### Prayer for Relief

**WHEREFORE**, Maryland Casualty respectfully prays for the following declaratory relief:

(a) That this Court order, adjudge, and declare that Maryland Casualty has no duty to defend or indemnify Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume under the Maryland Casualty Policies with respect to the claims of the Underlying Lawsuit;

(b) That this Court order, adjudge, and declare that, to the extent this Court holds that there is coverage to Superior Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume under the Maryland Casualty Policies with respect to the claims in the Underlying Lawsuit, such coverage shall not exceed the highest applicable limits of insurance under any one of the Maryland Casualty Policies;

(c) That this Court order, adjudge, and declare that, to the extent this Court holds that there is coverage under the Maryland Casualty Policies and Old Dominion Policies to Superior

Pharmacy LLC, Ike C. Okeke, Yvonne Okeke, or Hilda Anadiume with respect to the claims in the Underlying Lawsuit, any indemnification obligation should be allocated between Maryland Casualty and Old Dominion; and

    (d)    That this Court order any further relief which this Court deems just and proper, including, but not limited to, fees and costs incurred by Maryland Casualty.

Dated: February 11, 2014

                              Respectfully submitted,

                              /s/ Bradley S. Fischer

                              **BRADLEY S. FISCHER, ESQ.**
                              Florida Bar No. 716553
                              bradley.fischer@lewisbrisbois.com
                              **PERRY R. GOODMAN, ESQ.**
                              Florida Bar No. 0050778
                              perry.goodman@lewisbrisbois.com
                              **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                              200 S.W. 1st Avenue, Suite 910
                              Fort Lauderdale, Florida 33301
                              Telephone: 954-728-1280
                              Facsimile: 954-728-1282
                              *Counsel for Maryland Casualty Company*